UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JESSEN and GRETCHEN JESSEN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO and CITY OF CLOVIS,<br><br>Defendants. | No. 1:17-cv-00524-DAD-EPG<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF FRESNO'S MOTION TO DISMISS<br><br>(Doc. No. 9) |

This matter is before the court on defendant County of Fresno's motion to dismiss plaintiff's complaint with respect to certain claims. A hearing on the motion was held on June 6, 2017. Attorney Richard Belardinelli appeared on behalf of plaintiffs. Attorney Leslie Dillahunty appeared on behalf of defendant County of Fresno ("County"). Having considered the parties' briefs and oral arguments and for the reasons set forth below, the court will grant in part and deny in part the defendant County's motion to dismiss.

## BACKGROUND

In their complaint, plaintiffs David Jessen ("David") and Gretchen Jessen ("Gretchen") allege as follows. Plaintiffs live at 2191 South Rolinda Avenue, in Fresno, California. (Doc. No. 1-1, Ex. A ("Compl.") ¶ 8.) On June 11, 2016, construction workers on a neighboring property encountered a homeless man on plaintiffs' property and asked the man to leave. (*Id.* ¶ 9.) The

1

workers then saw the man walk to the Jessens' home and sit under a tree in the front yard. (*Id.*) The workers heard glass break, walked toward the Jessens' house, and saw that one of the Jessens' front windows was broken. (*Id.*) They subsequently called the Fresno County Sheriff's Office to report their observations. (*Id.*)

While he was away from the house, David Jessen received a phone call from the Sheriff's Office regarding a possible break-in at the couples' home. (*Id.* ¶ 8.) When David arrived, a Sheriff's deputy informed him of what the construction workers had reported. (*Id.* ¶ 9.) The deputy then asked David whether he had any guns in the house. David confirmed that he owned two shotguns but that the shells were well-hidden, and that he owned a handgun which was also well-hidden in the house. (*Id.* ¶ 10.) After Gretchen and their daughter arrived, Sheriff's deputies informed the family that a homeless man was inside their house and that after being told to come out and surrender, the man gave the following replies: (1) "I am not ready to," (2) "come and get me," and (3) "if you come in I will shoot." (*Id.* ¶ 11.)

Over the course of several hours, officers with the Fresno County Sheriff's Department and the Clovis Police Department conducted an operation to remove the homeless man from the Jessens' house, which plaintiffs allege was undertaken as a training exercise for the officers. (*See id.* ¶¶ 15, 18, 19.) The operation involved over fifty law enforcement vehicles, a K-9 unit, two helicopters, two ambulances, one fire truck, a crisis negotiation unit, a robot, and two SWAT teams. (*Id.* ¶ 20.) Plaintiffs allege that as a result of the conducting of the operation, the Jessens' home was significantly damaged. Notably, they allege that incident resulted in physical damage to windows, doors, interior walls, and exterior fencing on the property. (*Id.* ¶ 21.) Officers also used teargas throughout the house, which required removal and replacement of carpet and drywall. (*Id.* ¶¶ 21, 25.)[1]

Plaintiffs commenced this action in Fresno County Superior Court on March 8, 2017. Their complaint alleges the following causes of action against both the County and the City of Clovis ("City"): (1) liability under 42 U.S.C. § 1983 for various violations of the Fourth, Fifth,

---

[1] In response to questions from the court on the pending motion, counsel for plaintiffs reported that the home was rendered uninhabitable.

2

and Fourteenth Amendments to the United States Constitution; (2) state law negligence; and (3) violations of the California Constitution. (Compl.) On April 13, 2017, defendants County and City removed the action to this federal court. (Doc. No. 1.) On April 28, 2017, defendant County filed the instant motion to dismiss certain of plaintiffs' causes of action. (Doc. No. 9.)[2] On May 23, 2017, plaintiffs filed their opposition to the motion. (Doc. No. 10.) On May 26, 2017, defendant County filed its reply. (Doc. No. 11.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

**A.     Federal Civil Rights Claim**

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to make out a valid claim under § 1983, a plaintiff must allege and eventually prove that (i) the conduct complained of was committed by a person acting under color

---

[2] Separately, defendant City filed its answer to the complaint on April 20, 2017. (Doc. No. 8.)

3

of state law; (ii) this conduct deprived a person of constitutional rights; and (iii) there is an actual connection or link between the actions of the defendants and the deprivation allegedly suffered by decedent. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976).

Plaintiffs allege various constitutional violations in their § 1983 claim, but in its pending motion to dismiss defendant County challenges only the sufficiency of plaintiffs' claim with respect to the Fifth Amendment. That part of plaintiffs' claim alleges that defendants effectuated a taking of plaintiffs' property without just compensation. (*See* Compl. ¶ 31(d).)[3]

The Fifth Amendment Takings Clause guarantees that private property shall not be taken for a public use without just compensation. *See* U.S. Const. amend. V; *see generally Arkansas Game & Fish Comm'n v. United States*, 568 U.S. 23 (2012); *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978) (discussing the factors shaping the jurisprudence of the Fifth Amendment). "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985).

In their reply in support of their pending motion to dismiss, defendant County argues only that plaintiffs may not bring a regulatory takings claim because plaintiffs have not alleged that the County's implementation of a regulation or ordinance deprived them of all valuable use of their property. (*See* Doc. No. 11 at 2.) Here, it is clear that plaintiffs have alleged no such claim. Rather, plaintiffs may state a takings claim premised on the physical appropriation of their property for public use, even if such a taking is temporary in nature. *See Arkansas Game & Fish Comm'n*, 568 U.S. at 31–34. Accordingly, defendant County's motion to dismiss is denied with respect to plaintiffs' claim that their property was taken without just compensation in violation of the Fifth Amendment.

---

[3] Defendant County initially moved to dismiss plaintiffs' § 1983 claim on the grounds that the Due Process Clause and the Equal Protection Clause of the Fifth Amendment apply only to federal defendants. However, as plaintiffs make clear, and as this court construes the allegations of their complaint, plaintiffs assert a Fifth Amendment claim based only upon the Takings Clause and such a claim may properly be brought against the County.

**B.      Negligence Claim**

Plaintiffs also allege that defendants County and City, as public entities, are either directly or vicariously liable for negligence in connection with this incident. Defendant County moves to dismiss plaintiffs' claim insofar as it alleges the County is directly liable for damages caused as a result of their implementation of "existing policies, regulations, directives or operating procedures." (*See* Compl. ¶ 35.) Under California law, a public entity may be directly liable for injuries caused by its conduct, but only where a statutory basis exists for such liability. Cal. Gov't Code § 815; *see also Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1131 (2002). Plaintiffs concede no statutory basis exists to bring a direct negligence claim. At the hearing on the pending motion, plaintiffs' counsel further clarified that they assert a negligence claim against both defendants only under a vicarious liability theory. Thus, to the extent plaintiffs' complaint alleges negligence under a theory of direct liability, defendant County's motion to dismiss will be granted.

**C.      Violations of the California Constitution**

Finally, plaintiffs seek monetary damages for violations of Article I, Sections 1, 7, and 13 of the California Constitution. (*See* Compl. ¶¶ 38–39.) In their briefs and at the hearing on this matter, plaintiffs have agreed to dismissal of this claim against both defendants. Accordingly, defendant County's motion will be granted as to this claim.

**CONCLUSION**

For the reasons set forth above,

1. Defendant County's motion to dismiss (Doc. No. 9) is granted in part and denied in part;
2. Plaintiffs' negligence claim against both defendants is dismissed with respect to a theory of direct liability only;
3. Plaintiffs' claim against both defendants for violations of Article I, Sections 1, 7, and 13 of the California Constitution is also dismissed; and

/////

/////

4. Defendant County's motion to dismiss plaintiffs' claim that their property was taken without just compensation in violation of the Fifth Amendment is denied.

IT IS SO ORDERED.

Dated: **June 15, 2017**

UNITED STATES DISTRICT JUDGE