UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JESSEN and GRETCHEN JESSEN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO and CITY OF CLOVIS,<br><br>Defendants. | No. 1:17-cv-00524-DAD-EPG<br><br>ORDER DENYING DEFENDANT CITY OF CLOVIS' MOTION FOR ATTORNEYS' FEES<br><br>(Doc. No. 74) |

This matter came before the court on March 12, 2019 for hearing on a motion for attorneys' fees brought on behalf of defendant City of Clovis. (Doc. No. 74.) Attorney Richard Belardinelli appeared on behalf of plaintiffs. Attorney Kevin Allen appeared telephonically on behalf of moving defendant City of Clovis ("City") and attorney Leslie Dillahunty appeared on behalf of non-moving defendant County of Fresno. Following oral argument, the motion was taken under submission. For the reasons stated below, the City's motion for attorneys' fees will be denied.

The factual background of this case has been addressed in prior orders of this court and need not be repeated here. (*See* Doc. No. 64 at 2–4.) On January 7, 2019, the court issued an order granting defendants' motions for summary judgment and directing the Clerk of the Court to enter judgment in favor of defendants and close the case. (Doc. No. 64.) On February 4, 2019,

the City filed the motion for attorneys' fees now pending before the court. (Doc. No. 74.) The City seeks $51,496 in attorneys' fees against plaintiffs for pursuing a lawsuit that it contends "became frivolous after the close of fact discovery or, the very latest, after expert disclosures." (Doc. No. 74 at 1–2.) Plaintiffs filed their opposition on February 19, 2019, and the City filed its reply on March 5, 2019. (Doc. Nos. 78, 81.)

Pursuant to 42 U.S.C. § 1988(b), the court, in its discretion, may award reasonable attorneys' fees to the prevailing party in a case brought under 42 U.S.C. § 1983. Although this provision does not distinguish between prevailing plaintiffs and prevailing defendants, courts have interpreted the statute as treating the two differently. A prevailing defendant in a § 1983 action may be awarded attorneys' fees under § 1988 only when the plaintiff's action is "frivolous, unreasonable, or without foundation." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In determining whether this standard has been met, courts must avoid 'post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)). Accordingly, "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry*, 902 F.2d at 773 (citation omitted).

Here, there is no dispute that defendants are the prevailing party in this action. (*See* Doc. No. 78 at 6.) In support of its argument for attorneys' fees, the City quotes extensively from the court's order granting summary judgment and argues that in the discovery phase of this litigation, plaintiffs obtained no evidence to support their legal theories. (*See* Doc. No. 74 at 11, 15–16.) However, to the extent that the City relies on the court's reasoning in granting defendants' motions for summary judgment to argue that plaintiffs' claims were frivolous, the Supreme Court, as noted above, has cautioned district courts to "resist the understandable temptation to engage in

post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421–22. An inability to present evidence establishing a genuine dispute of material fact to defeat summary judgment does not necessarily mean that plaintiffs' claims were frivolous. *See Karam*, 352 F.3d at 1196 (holding that the fact that evidence to support plaintiff's theory failed to materialize and that summary judgment was granted in favor of the defendants did not render plaintiff's claims groundless, without foundation, or frivolous); *see also Espinoza v. City of Tracy*, No. 15-cv-751 WBS KJN, 2018 WL 3474476, at *2 (E.D. Cal. July 19, 2018) (denying defendant's motion for attorneys' fees despite plaintiff's failure to present any evidence at summary judgment); *Murdock v. County of Fresno*, No. CV F 09-0547 LJO SMS, 2011 WL 13842, at *4–6 (E.D. Cal. Jan. 4, 2011) (denying defendant's attorneys' fees request where plaintiff lacked evidence to support his discrimination and retaliation claims). *But see Galen v. County of Los Angeles*, 477 F.3d 652, 667–68 (9th Cir. 2007).

    Moreover, the court is not persuaded by the City's argument that this action became frivolous after the close of fact discovery from May 3, 2018 onward, or at the latest, from the date of expert disclosures on June 11, 2018 onward. In this case, the City waited until the September 18, 2018 deadline for the filing of dispositive motions to file its motion for summary judgment. (*See* Doc. No. 41.) After doing so, the City also served a Rule 68 offer of judgment on plaintiffs, including a mutual waiver of attorneys' fees and costs, which plaintiffs did not accept. (*See* Doc. No. 74 at 11; Doc. No. 74-1 at 295–99.) This procedural history indicates that the City continued to litigate this action—certainly after either May 3 or June 11, 2018—as if the claims potentially had merit. *See Shaw v. County of San Diego*, No. 06cv2680-MMA (POR), 2009 WL 10672078, at *2 (S.D. Cal. Aug. 27, 2009) ("Defendants certainly had the opportunity at any time during the litigation to file a motion for summary judgment, much earlier than the last date prior to the filing deadline in March 2009. A review of the case's procedural history and docket entries demonstrates that Defendants litigated this case as if Plaintiff's claims potentially had merit."). Moreover, the City's argument that plaintiffs' claims were obviously meritless at the close of discovery is belied by the extensive summary judgment briefing in this case, including its request

for a two-week extension of time to "adequately and fully reply to Plaintiffs' opposition papers." (*See* Doc. 50 at ¶ 8.)

Finally, there is no indication that plaintiffs brought their claims in bad faith. The City disputes any relevance of plaintiffs' subjective intent, noting that the Ninth Circuit has found that a prevailing defendant may be awarded fees where the action, "*even though not brought in subjective bad faith*, is frivolous, unreasonable, or without foundation." *Soffer v. City of Costa Mesa*, 798 F.2d 361, 364 (9th Cir. 1986) (emphasis added) (citation and quotation marks omitted); *see also Watson Const. Co. v. City of Gainesville*, 256 Fed. App'x 304, 305–06 (11th Cir. 2007) ("The standard is objective: an action may be deemed frivolous 'even though not brought in subjective bad faith.'") (quoting *Christiansburg*, 434 U.S. at 421). At the same time, however, the Supreme Court has noted that "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg*, 434 U.S. at 422. Accordingly, although a plaintiff's good faith does not preclude a finding of frivolousness, whether or not the claim was brought in bad faith may factor into the court's determination of the appropriateness of awarding attorneys' fees to a prevailing defendant. At the very least, this case lacks the "even stronger basis," *id.*, for awarding attorneys' fees to defendant, because there is no evidence, nor even a contention by the City, that plaintiffs pursued their *Monell* claims in bad faith.

In short, the court concludes that this is not an exceptional case where the award of attorneys' fees to a prevailing defendant are warranted. *See Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) ("Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances.") (citation omitted). Accordingly, defendant City of Clovis' motion for attorneys' fees (Doc. No. 74) is denied.

IT IS SO ORDERED.

Dated: **March 21, 2019**

UNITED STATES DISTRICT JUDGE

4